Hitchcock, C. J.
The question reserved for decision in this case, arises .upon a motion made to dismiss a certiorari,, which had been previously allowed, to reverse an order of the-court of common pleas, acting as a court of probate.
The transcript returned in obedience to the certiorari, shows that at a special session of the court of common-pleas of Franklin county, on the 13th of August, 1838, letters of administration were granted to Mary Eliza Gregory *358 and Nehemiah Gregory, upon the estate of Edward N. Gregory, then late deceased. At the March term of the court, 1841, on motion of the creditors of the estate, it was ruled that Nehemiah Gregory, the administrator, file a full account in the particulars specified in the rule, the account to be filed in forty days from the rising of the court — afterwards in the next term of the court, Nehemiah Gregory, as surviving administrator, filed his account for partial settlement — at the February term, 1842, N. Gregory resigned his trust as administrator, and the court ordered letters of administration de bonis non to be issued to Anthony S. Chew, who accepted the trust — at the (September term of the court- in the same year by order of the court, the administration accounts of Nehemiah Gregory were referred to Warren Jenkins, as special master — at the May term of the court, 1843, the said master filed his report — at the May term, 1844, the court having examined the report, made an order that Gregory should appear before the master, and submit to an examination under oath touching the accounts. The transcript shows nothing further in the case until the April term of the court 184T, when E. Backus, the special master, filed a report, and the case was again referred to him to make a further examination, and report. It does not appear what disposition was made of the report of Jenkins, nor does it. appear-when or how Backus was appointed special master. The matter was further continued from term to term to afford an opportunity to file exceptions to the report. At -the February term, 1848, the matter was continued, and by consent of parties, Backus was authorized to amend his report, with leave to all parties interested, to except by the first day of the next term. A similar entry was made at the October term, 1848. At the March term, 1850, on motion, the report of Backus was set aside, the court being of opinion that as a court of probate, they could not in this manner settle the accounts between the admistrator de bonis non, and the former administrator.
*359 Such is a summary statement of the matter as appears from the transcript, and the error complained of is, that the court set aside the report of Backus.
The motion to dismiss the certiorari, is based upon the ground that this court have not the constitutional power to interfere in matters of a testamentary and probate nature or character.
The second section of the third article of -the constitution provides “ that the supreme court shall consist of three judges, any two of whom shall be a quorum. They shall have original and appellate jurisdiction, both in common law and chancery, in such cases as shall be directed by law.” In the latter part of the section, provision is made, that after a certain period, the court may consist of four judges.
The third section of the same article has reference to the court of common pleas, and prescribes that that court “ shall have common law and chancery jurisdiction in all such cases as shall be directed by law.”
In another section, that is, the fifth, it is further prescribed that “ the court of common pleas, in each county, shall have jurisdiction of all probate and testamentary matter, granting administration, the appointment of guardians, and such other cases as shall be prescribed by law.”
In view of these different provisions, this court, since my acquaintance with it, has uniformly held that jurisdiction in probate and testamentary matters, was exclusively in the court of common pleas. And that in the exercise of that jurisdiction, it could not be interfered with by this court. The furthest extent to which we have gone, has been to review the proceedings of that court, in orders made for the sale of the lands of an intestate for the payment of debts, and this has been done, alone upon the consideration, that under existing laws, proceedings in such cases, are somewhat in the nature of adversary proceedings or suits.
As the matters which we are now called upon to review', are purely of a probate character, in accordance with the uniform practice of this court, the writ of certiorari must be lismissed.